*806 MEMORANDUM **
Bagrat Simonyan petitions for review of an order of the Board of Immigration Appeals (“BIA”) which adopted and affirmed, without opinion, an Immigration Judge’s (“IJ”) decision denying asylum on a discretionary basis and granting withholding of removal pursuant to the Immigration and Nationality Act, and declining to address the request for protection under the Convention Against Torture. For the reasons stated below, we will grant the petition, vacate the order of the BIA, and remand for further proceedings.
I.
From 1977 until the spring of 2000, petitioner, a medical doctor, provided health care to prisoners in his native country of Armenia. While working in a managerial position at a hospital in Yerevan, petitioner discovered that prisoners at the hospital were not being given adequate food or medical treatment.
Petitioner was ultimately jailed and severely beaten for joining and demonstrating with an organization formed to promote democracy and a better life for Armenians. Petitioner sustained broken ribs, a concussion, and other injuries. After his release from the hospital, petitioner learned that his daughter had been beaten to death during her detainment and that his sons had been kidnaped. As ransom for the release of his sons, petitioner agreed to leave the country.
II.
The government contends that we lack jurisdiction to entertain the issues raised in the petition for review because petitioner failed to exhaust his administrative remedies. In determining whether a pro se alien has exhausted all administrative remedies, we construe the notice of appeal liberally. Agyeman v. INS, 296 F.3d 871, 878 (9th Cir.2002).
Petitioner’s notice of appeal, filed with the BIA without the aid of counsel, raised the issue of the IJ’s failure to weigh the “equities and hardships ... in deciding if sufficient factual grounds exist for a grant of asylum in the exercise of discretion.” Liberally construing the notice of appeal, we find that petitioner satisfies the exhaustion requirement with respect to his claims challenging the denial of asylum on a discretionary basis.
Even when liberally construed, however, the notice of appeal does not encompass petitioner’s remaining claims relating to the denial of his right to counsel, the denial of his appeal rights, and the failure of the IJ to provide notice of the relevant issues. These claims involve “mere procedural error” which the BIA could have corrected by ordering a rehearing with instructions to the IJ to inform petitioner of his rights and provide him notice of the relevant issues. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004).
III.
A.
When asylum is denied as a discretionary matter, we have consistently required the Attorney General to state his reasons for the denial and show proper consideration of all relevant factors when weighing the equities. Kalubi v. Ashcroft, 364 F.3d 1134, 1140 (9th Cir.2004).
In this case, contrary to the clear dictates of Kalubi, the IJ’s decision does not reflect that he gave consideration to *807 any of the positive factors which weigh in favor of a discretionary grant of asylum, including petitioner’s strong employment history, his work with prisoners, his efforts to improve the, hospital conditions for the prisoners in Yerevan, his refusal to accept a bribe, his lack of a criminal record, his worsening health, or his relatives in the United States. Further, because withholding of removal was granted, the issue of petitioner’s separation from his spouse should have been considered and weighed in the balance of favorable and unfavorable factors. See id. at 1141.
B.
Petitioner also contends that the IJ’s decision to deny asylum gave undue negative weight to petitioner’s use of false statements as a means to gain entry into the United States. We agree, as “[w]e have recognized that, in order to secure entry to the United States and to escape their persecutors, genuine refugees may lie to immigration officials and use false documentation.” Mamouzian v. Ashcroft, 390 F.3d 1129, 1138 (9th Cir.2004) (citation omitted). An asylum seeker’s use of false statements in order to gain entry into this country actually supports a claim of persecution. Id
C.
Petitioner also challenges the IJ’s decision to treat the “opportunity to seek refugee status in other countries in Europe as free as this country” as a negative factor weighing against a grant of asylum.
The record demonstrates that in order to flee persecution, petitioner took a direct flight from Armenia to Los Angeles, with a brief layover in Moscow. The mere hypothetical opportunity to seek refugee status in other free countries exists in nearly every asylum case, and does not shed any light whatsoever on whether asylum is warranted in a particular case. For these reasons, we conclude that the IJ abused his discretion in treating the hypothetical opportunity to seek refugee status in other countries as a negative factor.
D.,
Petitioner’s final contention on appeal is that the IJ’s determination that petitioner gave false testimony at the merits hearing is not supported by substantial evidence. The IJ found that petitioner initially testified that he told the American consular officials in Armenia that he had been mistreated and subjected to persecution. Petitioner later admitted at the hearing that he had concealed his mistreatment from the American consular officials out of fear that he would not have been granted a visa. As discussed above, such contradictions do not militate against a favorable exercise of discretion. See Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003) (“Minor inconsistencies in the record that do not relate to the basis of an applicant’s alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant’s fear for his safety are insufficient to support an adverse credibility finding.”) (citations omitted).
IV.
For the reasons discussed above, we grant the petition for review, vacate the order of the BIA, and remand the case so that the Attorney General may consider and weigh all the relevant factors in determining whether to grant asylum as a discretionary matter.
PETITION FOR REVIEW GRANTED; ORDER VACATED; AND CASE REMANDED FOR FURTHER PROCEEDINGS.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.